BOUND BROOK STOVE WORKS, RESPONDENT, v. HERMAN
ELLIS ET AL., APPELLANTS.

Submitted July 9, 1923—Decided November 19, 1923.

1. The findings of fact by a trial judge sitting without a jury set-
tles the facts. When such findings of fact are supported by evi-
dence they are not reviewable on appeal.
2. When a contract for the sale and purchase of pig iron in in-
stallments provides no specific time for deliveries. the deliveries
are to be made within a reasonable time. Sale of Goods act, 4
*Comp. Stat., p.* 4657, ¶ 43.
3. What is a reasonable time for the deliveries under the circum-
stances of this case is a question of fact, so decided, and properly
by the trial judge.

On appeal from the Union County Circuit Court.

For the appellants, *Wight, Wight & Golenbock.*

For the respondent, *Stamler & Stamler.*

The opinion of the court was delivered by

BLACK, J.   This case was tried by the judge at the Union
Circuit without a jury, resulting in a judgment for the
plaintiff. The action was founded upon a contract made be-
tween the parties, dated April 4th, 1917. The plaintiff sued
to recover damages for a refusal by the defendant to accept
two cars of pig iron, containing seventy-eight tons, tendered
on November 13th, 1917, and an additional three hundred
and forty-seven tons included in the contract. ·Written find-

ing of fact were made and filed by the judge. There are twelve grounds of appeal. They are for the most part alleged errors in findings or failing to find specific facts. The fifth, sixth and seventh are alleged errors in law. The twelfth is alleged error, in admitting in evidence certain letters passed between the defendant and R. D. Wood & Company, to whom some of the pig iron was consigned. This is not argued; it is, therefore, presumed to be waived or abandoned. *Reinfeld* v. *Laden,. post p.* 709.

It is the accepted law that the findings of the judge without a jury settles the facts. *Kalbfleisch* v. *Standard Oil Co.,* 43 *N. J. L.* 259. It is his province to settle the facts according to his views of the evidence. *Mayor, &c.; Jersey City* v. *Tallman,* 60 *Id.* 239. Such findings of fact are not reviewable on error. It is only, where the facts found do not not support the conclusion, that the judgment can be disturbed on error. *Mayor, &c., Jersey City* v. *Tallman, supra;* *Higgins* v. *Goerke Kirch Co.,* 92 *Id.* 424. All that can be reviewed is the sufficiency of the facts found to support the judgment. *City of Elizabeth* v. *Hill,* 39 *Id.* 557; *Blackford* v. *Plainfield Gaslight Co.,* 43 *Id.* 440. We find in the record ample evidence to support the trial judge's findings of fact. This, under the cases, disposes of all the grounds of appeal, alleging errors in fact.

The only point in the case that calls for any discussion at all, and the only meritorious question involved is whether it was error for the trial court to find that the offer of deliveries of pig iron on November 13th, 1917, was within a reasonable time? The contract, as stated, is dated April 4th, 1917. No specific time for the deliveries is stated. The contract recites that the Bound Brook Stove Works, the plaintiff, had contracts for the purchase of pig iron five in number with various mills upon the terms and conditions therein stated; that the buyer, Herman Ellis, the defendant, desires to purchase the pig iron to be delivered pursuant to the said contracts, subject to the terms thereof, as to quality and deliveries, and as and when the pig iron is delivered under the contracts. The deliveries are subject to the con-

ditions in the contracts or any other causes not within the control of the seller.

The last delivery accepted was forty-nine tons, on October 29th, 1917, totaling one thousand three hundred and fourteen tons of pig iron delivered and accepted. On November 13th, 1917, the defendant refused to accept two cars containing seventy-eight tons of pig iron, thereby breaching the contract entitling the plaintiff to recover damages, as held by the trial court, and, also, a breach of the entire unfulfilled portion of the contract of three hundred and forty-seven additional tons of pig iron.

The uniform Sale of Goods act (4 *Comp. Stat.*, *p.* 4657, ¶ 43) provides where by a contract "no time for sending them is fixed (*i. e.*, the goods), the seller is bound to send them within a reasonable time."

This question, under the circumstances of this case, was clearly one of the fact to be decided by the trial court. *Atlantic Pebble Co.* v. *Lehigh Valley Railroad Co.*, 89 *N. J. L.* 336, 340; 13 *C. J.* 685, ¶ 782.

The finding of the trial court is supported by the evidence and is therefore not reviewable on appeal, being a question of fact under the circumstances of the case.

The question of damages is argued by the defendant in the brief, but this, also, is a question of fact. There is evidence in the record by a witness, Frederick Spitalny (at *p.* 46), from which the trial court could fix, and did fix, the plaintiff's damages at $1,526.79. It may also be added this is not specifically alleged as one of the grounds of appeal.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.